UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDERICK NATHAN CAMPBELL                CIVIL ACTION

VERSUS                                   NUMBER: 09-3143

ST. TAMMANY PARISH                       SECTION: "I"(5)
SHERIFF'S OFFICE, ET AL.

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Frederick Nathan Campbell, against defendants, the St. Tammany Parish Sheriff's Office ("STPSO") and the St. Tammany Parish Jail ("STPJ").

Plaintiff, an inmate of STPJ, alleges that on November 16, 2008, Deputy Reduea fired a taser into plaintiff's side while he was on his knees and handcuffed with his hands behind his back. Plaintiff seeks the termination of Deputy Reduea, the imposition of "sanctions" against STPSO and STPJ, and an unspecified amount of

1

monetary damages.

As noted above, the sole defendants named in this proceeding are the STPSO and the STPJ. The law is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, neither sheriff's offices of parishes nor correctional facilities like STPJ are considered to be "persons" within the meaning of §1983 and are thus incapable of being cast in judgment under Rule 17(b), Fed.R.Civ.P. See Wetzel v. St. Tammany Parish Jail, 2009 WL 586129 at *2-3 (E.D. La. March 5, 2009); Calhoun v. Sanderson, 2003 WL 1595088 at *4-5 (E.D. La. March 25, 2003); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989). Accordingly, it will be recommended that plaintiff's claims against STPSO and STPJ be dismissed as frivolous and for failing to state a claim upon which relief can be granted under 28 U.S.C. §§1915(e) and 1915A and 42 U.S.C. §1997e, Wetzel, 2009 WL 586129 at *3, and that plaintiff's lawsuit otherwise be dismissed unless, within twenty

(20) days, he amends his complaint to name a defendant who can be cast in judgment under Rule 17(b).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's claims against the St. Tammany Parish Sheriff's Office and the St. Tammany Parish Jail be dismissed as frivolous and for failing to state a claim under 28 U.S.C. §§1915(e) and 1915A and 42 U.S.C. §1997e and that plaintiff's lawsuit otherwise be dismissed unless, within twenty (20) days, he amends his complaint to name a defendant who can be cast in judgment under Rule 17(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  1st  day of      April      , 2009.

*[signature]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

3